**HORNYAK, Plaintiff-Appellant, v. HORNYAK, Defendant-Appellee.**

Ohio Appeals, Seventh District, Mahoning County.

No. 3615. Decided October 13, 1953.

Morris Mendelssohn, Youngstown, for plaintiff-appellant.
Anthony F. Pacella, Youngstown, for defendant-appellee.

## OPINION

By PHILLIPS, J.

Plaintiff appealed to this court on questions of law and fact from a judgment of the court of common pleas entered upon a finding of a judge thereof for defendant in plaintiff's action against him to cancel a quit claim deed (executed and delivered by plaintiff to defendant) on the ground that it was

obtained from her without any consideration and by undue influence at a time when she was incapacitated from understanding the transaction, and was submitted to us on a transcript of the testimony and the evidence introduced in the trial court.

In compliance with an order of the Court of Common Pleas, Division of Domestic Relations of Mahoning County, entered on November 30, 1949, in plaintiff's action against defendant for divorce, defendant duly conveyed his undivided one-half interest in jointly owned real estate to plaintiff and supported plaintiff's children in accordance with that order until that order of support was vacated, set aside and held for naught on September 29, 1951.

Within three weeks from the date of the execution by defendant of such warranty deed plaintiff quit-claimed her interest in such real estate to defendant by duly executed quit-claim deed in exchange for defendant's will executed simultaneously with such deed in favor of herself and her children, which was delivered to and held by her until September 1951, when she offered it in evidence in the Court of Common Pleas, Division of Domestic Relations, which was at least part and in our opinion sufficient consideration for the execution by plaintiff of the quit-claim deed to defendant.

Plaintiff contended and introduced evidence in an attempt to support her contention in the court of common pleas and contends here that she executed such quit-claim deed to defendant without consideration and at the time when she was on the verge of a nervous breakdown on his representation that he would complete the construction of their house and furnish a home for her children.

Defendant contended in the court of common pleas, as he contends here, that plaintiff failed, as the trial judge found, to establish her claim by clear and convincing evidence, in which contention we concur after careful consideration of the evidence, which it is not necessary to recite further.

Our finding and decree is for the defendant as in the court of common pleas.

GRIFFITH, PJ, NICHOLS, J, concur.